FREDERICK U. HARRIS, Respondent, v. RALPH R. PEW, Appellant.

St. Louis Court of Appeals, November 3, 1914.

1. AUTOMOBILES: Collision with Bicycle: Sufficiency of Evidence. In an action for injuries sustained by plaintiff by being struck, while riding a bicycle, by defendant's automobile, evidence that the automobile, which was being driven west, was suddenly turned to the left, so as to collide with plaintiff's

bicycle, which he was riding east on the right side of the street, near the curb, *held* sufficient to warrant a finding that defendant was negligent.

2. **TRIAL PRACTICE: Conflicting Evidence: Question for Jury.** Where the evidence concerning a disputed issue of fact is conflicting, the question is for the jury.

3. **INSTRUCTIONS: Applicability to Evidence: Physical Facts.** In an action for personal injuries, an instruction requested by defendant, that if the jury find there are uncontradicted physical facts which are at variance with the oral testimony, such facts are entitled to the greater consideration, was properly refused, where the testimony of the witnesses for defendant whose testimony tended to establish the physical facts referred to was contradicted by the testimony of a witness for plaintiff.

Appeal from St. Louis City Circuit Court.—*Hon. Hugo Muench*, Judge.

AFFIRMED.

*William H. Davies* for appellant.

(1) The court erred in refusing defendant's instruction as to physical facts, such facts being as much evidence as is oral testimony, and where the uncontradicted physical facts are at variance with the oral testimony, they are entitled to the greater consideration. Barrie v. Transit Co., 102 Mo. App. 91; State v. Dettmer, 124 Mo. 435; Weltmer v. Bishop, 171 Mo. 116. (2) The rule of the road applies to bicycles the same as automobiles. Holland v. Bartsch, 120 Ind 46; Elliott, Roads & Streets (3 Ed.), sec. 1129.

. *E. C. Slevin* for respondent.

Physical facts, which are disputed or contradicted, become mere questions of credibility; matters solely for the jury. Barnett v. Railroad, 138 Mo. App. 192; Lang v. Railroad, 115 Mo. App. 489.

NORTONI, J.—This is a suit for damages accrued to plaintiff on account of personal injuries re-

ceived through the alleged negligence of defendant. Plaintiff recovered and defendant prosecutes the appeal.

Plaintiff received his injuries while riding a bicycle in a public street of the city of St. Louis as the result of a collision with defendant's automobile. The evidence on the part of plaintiff tends to prove that he was mounted on a bicycle and driving it eastward on the south side and near the curb of Locust street between Compton and Garrison avenues, when defendant's automobile, which was going to the westward, was suddenly turned to the south and collided with it. The evidence on the part of defendant tends to prove that plaintiff suddenly veered the bicycle on which he was riding into, and collided with, the automobile. It is clear the question concerning this matter was properly submitted to the jury.

There is an abundance of evidence tending to prove that plaintiff received his injuries as a direct result of defendant's negligence in turning the automobile to the south, or left hand, side of the road, when it should have been turned in the opposite direction in order to prevent a collision.

The principal point urged for a reversal of the judgment, however, relates to the action of the court in refusing an instruction concerning the physical facts. The instruction requested by defendant and refused is as follows:

"The court instructs the jury that physical facts are just as much evidence as is oral testimony and if you find that there are uncontradicted physical facts which are at variance with the oral testimony, then such uncontradicted physical facts are entitled to the greater consideration."

It is urged that the court erred in refusing to give this instruction, because it is said to be a correct proposition of law. Such may be true, when considered

with reference to a proper case for its application, but obviously it was inappropriate here. The physical facts relied upon in the case, and which are said to afford a predicate for the instruction, relate to the point of the breaking of the glass in the wind shield of the automobile and, therefore, the place of collision. It appears that this glass was broken and fell into the street as a result of the collision, and the witnesses for defendant locate the point of collision by the broken glass as near, or north of, the center of the street. It is, therefore, said the instruction should have been given, because the broken glass in the center of the street constituted an uncontradicted physical fact tending to disprove plaintiff's theory that the automobile was turned to the southward and run upon him while near the south curb. The argument is without merit, for it appears there was no such uncontradicted physical fact in the case. While several witnesses on the part of defendant testified as above stated, an eyewitness testified for plaintiff that the broken glass resulting from the collision was near the south side of the street, where, according to plaintiff's theory, the collision occurred. There can be no doubt that, on this conflict of the evidence, the court did not err in refusing the instruction, which hypothesized a predicate of uncontradicted physical facts.

The judgment should be affirmed. It is so ordered. *Reynolds, P. J.,* and *Allen, J.,* concur.